### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| LAWRENCE LEE, JR. and <br> MICHELLE SPARKS, <br><br> Plaintiffs, <br><br> v. <br><br> JAMES ROTH, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> )    CIV. ACT. NO. 1:25-cv-330-TFM-N <br> ) <br> ) <br> ) <br> ) |

### MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs' Motion to Remand (Doc. 7, filed 09/24/25) Defendants filed a response in opposition, and Plaintiffs filed their reply. Docs. 9, 10. Plaintiffs move the Court remand this matter to the Circuit Court for Mobile County, Alabama. After careful consideration of the status of the parties at the time of removal, motion, response, reply, notice of removal, and relevant law, the Court finds that removal was improper and the motion to remand (Doc. 7) is **GRANTED**.

### I.    PROCEDURAL & FACTUAL BACKGROUND

This matter was originally filed in the Circuit Court of Mobile County, Alabama on July 9, 2025. Doc. 1-1. In the Complaint, Plaintiffs bring state law claim of negligence and wantonness against the Defendant. *Id.* at 10-11. On August 13, 2025, Defendant timely removed this matter to this Court asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332 and 1441. Doc. 1.

On August 27, 2025, Plaintiffs filed the instant motion to remand. Doc. 7. Defendant filed his response in opposition to the motion, and Plaintiffs filed their reply. Docs. 9, 10. The motion to remand is fully briefed and ripe for review. Oral argument is not necessary.

Plaintiffs Lawrence Lee, Jr. and James Sparks (collectively, "Plaintiffs") were travelling east on Interstate I-10 near Battleship Parkway in Mobile County, Alabama, on February 10, 2024. Doc. 1-1 at 9. Plaintiffs allege that Defendant Mark Bass ("Defendant") was also travelling on the same road when he "negligently and/or wantonly operated his vehicle causing it to collide with the vehicle in which Plaintiff was driving." *Id.* at 9-10.

## II. STANDARD OF REVIEW

Federal courts have a strict duty to exercise jurisdiction conferred on them by Congress. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716, 116 S. Ct. 1712, 1721, 135 L. Ed. 2d 1 (1996). However, federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). The removing party has the burden of establishing federal jurisdiction. *See Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) (citing *Williams v. Best Buy Co.*, 269 F.3d 1316, 1318 (11th Cir. 2001)). Further, the federal removal statutes must be construed narrowly and doubts about removal must be resolved in favor of remand. *Allen v. Christenberry*, 327 F.3d 1290, 1293 (11th Cir. 2003) (citing *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996)); *Burns*, 31 F.3d at 1095 (citations omitted).

## III. DISCUSSION AND ANALYSIS

Because this lawsuit began in state court, the Court's jurisdiction depends on the propriety of removal. Federal courts are directed to construe removal statutes strictly and to resolve all doubts about jurisdiction in favor of remand to state court. *See Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999). Diversity jurisdiction exists where there is diversity of

citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332.

"The existence of federal jurisdiction is tested at the time of removal." *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294-95 (11th Cir. 2008) (citing *Whitt v. Sherman Int'l Corp.*, 147 F.3d 1325, 1332 (11th Cir. 1998)); *see also Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 474 n.6, 127 S. Ct. 1397, 1409 n.6, 167 L. Ed. 2d (2007) ("It is true that, when a defendant removes a case to federal court based on the presence of a federal claim, an amendment eliminating the original basis for federal jurisdiction generally does not defeat jurisdiction."); *Poore v. Am.-Amicable Life Ins. Co. of Tex.*, 218 F.3d 1287, 1290-91 (11th Cir. 2000) ("[E]vents occurring after removal . . . do not oust the district court's jurisdiction."). Significantly, this means the Court may not consider damages accrued after removal. *See Burns*, 31 F.3d at 1097.

In the case at hand, "[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(c). The parties do not dispute complete diversity of the citizenship.[1] Doc. 1-1 at 8-9; Doc. 9 at 8. As a result, it is clear that diversity of citizenship exists.

Consequently, jurisdiction turns on whether the amount in controversy has been met. To the extent that Defendant has argued that the amount in controversy is met by Plaintiffs' refusal to stipulate that their damages will not exceed the statutory amount, that argument is inapposite. *See Williams v. Best Buy Co.*, 269 F.3d 1316, 1320 (11th Cir. 2001) ("There are several reasons why a plaintiff would not so stipulate, and a refusal to stipulate standing alone does not satisfy [the removing party's] burden of proof on the jurisdictional issue."). In a related context, other district

---

[1] In the Complaint, Plaintiffs allege that Defendant is a citizen of Missouri. Doc. 1-1 at 9. Defendant states that he is a citizen of Nebraska. Doc. 9 at 7-8. Plaintiffs are citizens of Tennessee. Doc. 1-1 at 8.

courts in this circuit have also specifically discussed whether the denial of a request for admission is sufficient to establish the amount in controversy for diversity jurisdiction. *See, e.g., Hughes v. Express Oil Change, LLC*, Civ. Act. No. 1:24-cv-418-TFM-MU, 2025 U.S. Dist. LEXIS 112324, *15-16 (S.D. Ala. June 12, 2025); *Harmon v. Wal-Mart Stores, Inc.*, Civ. Act. No. 3:08-cv-309-MEF, 2009 U.S. Dist. LEXIS 21040, 2009 WL 707403 (M.D. Ala. Mar. 16, 2009); *Charleston v. Horsley*, Civ. Act. No. 2:12-cv-183-KD-C, 2012 U.S. Dist. LEXIS 121346, 2012 WL 3726760 (S.D. Ala. Aug. 8, 2012). For example, in *Harmon*, the court noted:

> Defendant sought to prove the positive by eliciting a denial of the negative.
>
> Defendant cannot create an end-run around the jurisdictional requirements by forcing a denial of a negative and then claim the positive is admitted and conclusively determined.
>
> [. . .]
>
> In the context of a request for admission . . . when a party admits to a fact in response to a request for admission, that fact is conclusively established for purposes of the litigation. Fed. R. Civ. P. 36(b) ("A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended."); [*16] see U.S. v. 2204 Barbara Lane, 960 F.2d 126, 129 (11th Cir. 1992). On the other [hand], the effect of a denial is not to admit the opposite of the proposition offered for admission, but rather is simply to establish that the matter is in dispute. Fed. R. Civ. P. 36 advisory committee notes, 1970 Amendment (describing the purpose of requests for admission as "to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial."). [. . .] Hence, Plaintiff's denial of the six questions propounded by Defendant serves not to establish that an amount in excess of $75,000 is in dispute, but rather that Plaintiff is not willing to concede the issue and that an amount in excess of $75,000 is in dispute is itself in dispute. Refusal to concede is not a statement of fact and cannot support jurisdiction.

2009 U.S. Dist. LEXIS 21040, at *9-12 (certain internal citations omitted).

The Complaint does not state a specific monetary demand for compensatory damages. "[I]n the removal context, when damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." *Lowery*, 483 F.3d at

1208-09 (quoting *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356-57 (11th Cir. 1996) (adopting the "preponderance of the evidence" standard after examining the various burdens of proof in different factual contexts)). "A removing defendant may rely on its own affidavits, declarations, or other documentation to establish the amount in controversy." *McGee v. Sentinel Offender Servs., LLC*, 719 F.3d 1236, 1241 (11th Cir. 2013) (per curiam) (citing *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 755 (11th Cir. 2010)). To determine the amount in controversy, the Court is permitted:

> [T]o make reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a complaint is removable. Put simply, a district court need not suspend reality or shelve common sense in determining whether the face of a complaint establishes the jurisdictional amount. Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets the federal jurisdictional requirements.

*Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-62 (internal quotation marks and citations omitted). However, "without facts or specific allegations, the amount in controversy" can be determined "only through speculation—and that is impermissible." *Pretka*, 608 F.3d at 753-54 (citing *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1209 (11th Cir. 2007)).

In the case at hand, the Complaint is silent as to a specific amount. Doc. 1-1 at 7-13. Defendant argues that Plaintiffs allege "permanent physical injuries that resulted in mental anguish, and the loss of enjoyment of life." Doc. 9 at 5, citing Doc. 1-1 at 11. Defendant notes that Plaintiffs' demand package claimed medical bills in the amount of $36,500 plus two pending bills from additional medical providers arising from this rear-end collision. Doc. 9 at 5-6.

The record is devoid of any evidence of the nature, extent, or severity of Plaintiffs' injuries arising from the automobile accident. There is no indication of how much pain and suffering Plaintiffs sustained, if any. There is no basis for making a determination as to whether Plaintiffs' have received ongoing medical treatment, whether they are or were impaired, limited, or disfigured

in any way as a result of the accident, or whether they have experienced lost wages. The only facts presented by Defendant to show the amount in controversy are that (i) there was an automobile accident involving Plaintiffs, (ii) Plaintiffs claim undisclosed injuries, and (iii) Plaintiffs submitted a demand letter for policy limits based on medical bills of $36,500. Doc. 9 at 5-7. None of these facts, individually or collectively, enable the Court to make any meaningful determination as to whether the case stated in the Complaint meets federal jurisdictional requirements. Of course, courts may use judicial experience and common sense in determining whether the minimum amount in controversy is satisfied. But Defendant has supplied virtually no helpful facts to which that judicial experience and common sense may be applied. As a result, any determination by this Court that Plaintiffs' injuries are sufficiently serious to trigger § 1332's amount-in-controversy threshold would be speculative and improper. While it is certainly possible that Plaintiffs sustained serious permanent injuries from the collision, the Court simply cannot know the severity of, or the costs associated with, such injuries without engaging in impermissible speculation. "As such, any attempt to engage in a preponderance of the evidence assessment at this juncture would necessarily amount to unabashed guesswork, and such speculation is frowned upon." *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1211 (11th Cir. 2007). Put simply, the Court is not required to peer into the void and make the leaps to establish Defendant's position on the amount in controversy. That alone is Defendant's burden.

Defendant also attempts to use a pre-suit letter from May 2, 2024 (filed well before litigation began and only a short time after the accident at issue) to note that the Plaintiffs demanded policy limits. But a demand letter is only valuable when it also shows that the party making the demand knows what the policy limits may be – which Defendant fails to show here. Given that many states (including Alabama) have a minimum requirement which falls well short

of the $75,000.00 threshold, a statement of "policy limits" only has value when it shows the party making the demand knows that value exceeds federal court jurisdiction.

Finally, Defendant also requests that the Court use its discretion to allow leave for jurisdictional discovery. Doc. 9 at 6. However, this discretion does not require that courts order jurisdictional discovery; it merely allows courts to consider evidence gleaned from discovery. *See Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000) ("We align ourselves with our sister circuits in adopting a more flexible approach, allowing the district court when necessary to consider post-removal evidence in assessing removal jurisdiction."). No such circumstances are apparent in this case. Rather, Defendant seeks to bolster its analysis with a "we might get more in discovery philosophy" which impermissibly attempts to shift the burden required <u>at removal</u>. This is not an unusual question which would necessitate the need for jurisdictional discovery. To hold otherwise would allow defendants to regularly remove a case without meeting their own requirement to establish jurisdiction at the time of removal.

In the final analysis, it is true that "judicial experience and common sense" need not be cast aside in assessing the amount in controversy in a case. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1064 (11th Cir. 2010). And Defendant may ultimately be correct that Plaintiff's claims for compensatory and punitive damages will exceed the jurisdictional limit. However, the amount in controversy cannot be measured in a factual vacuum, and to extrapolate an amount in controversy exceeding $75,000 from the Complaint's limited and generalized allegations and the minimal concrete evidence presented by Defendant would require impermissible speculation. Indeed, upon review of the filings, it is evident that the removal of this case from state court to federal court was improvident because Defendant possessed insufficient facts at the time of removal to satisfy his burden of establishing the requisite amount in controversy.

The burden rests with the Defendant to establish jurisdiction at the time of removal. In this case it failed to do so. As such, remand is warranted.

## IV.    CONCLUSION

Accordingly, based on the foregoing analysis, Plaintiff's *Motion to Remand* (Doc. 7) is **GRANTED** and this matter is **REMANDED** to the Circuit Court of Mobile County, Alabama.

The Clerk of Court is **DIRECTED** to take the appropriate steps to effectuate the remand.

**DONE** and **ORDERED** this the 6th day of January 2026.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE